# Truitt, Appellant, v. Guenther Lumber Company.

*Contracts—Sales—Breach of contract—Installment delivery—Failure to pay—Refusal to further deliver.*

Where the consideration of the contract is single, the contract is entire, whatever the variety of items embraced in it, but where the consideration is apportioned expressly or impliedly to each of the items, the contract is severable. If by a contract the goods are to be paid for at each delivery, the refusal to pay for any one delivery, without sufficient cause, authorizes the rescission of the contract.

In an action of assumpsit to recover the balance due for lumber sold and delivered on various orders given at various times, the defense was that the plaintiff had failed to make delivery in accordance with the terms of the contract, and that the defendant was, therefore, justified in refusing payment. Under such circumstances the case was for the jury to pass upon the good faith of the plaintiff in refusing further deliveries because of the failure on the part of the defendant to make settlement, and it was error for the court to charge, as matter of law, that such failure to pay within the period fixed by the contract for lumber already delivered would not excuse the plaintiff from the duty to make other deliveries.

The intention of the parties with respect to performance disclosed by the testimony and the documentary evidence was to be taken into consideration in ascertaining the rights of the parties. The question was not one, therefore, purely of law, but should have been disposed of on the facts as disclosed in the evidence.

Argued October 15, 1919. Appeal, No. 23, Oct. T., 1919, by plaintiff, from judgment of C. P. No. 2, Phila. County, Sept. T., 1917, No. 500, on verdict for defendant in the case of J. W. Truitt, trading as J. W. Truitt & Company, v. Guenther Lumber Company, a Corporation. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Reversed.

446 TRUITT, Appellant, *v.* GUENTHER LUMBER CO.

Assumpsit for goods sold and delivered. Before WESSEL, J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant for $860.88 and judgment thereon. Plaintiff appealed.

*Errors assigned* were refusal of plaintiff's request for binding instructions and for judgment non obstante veredicto, and the charge of the court.

*Thomas Raeburn White,* for appellant.—Whether the contract be viewed as an entire or divisible contract, the refusal to make payment in accordance with the terms thereof, was such a material breach as to justify its rescission: McFarland v. Savannah River Sales Co., 247 Fed. Rep. 652; Youghiogheny, etc., Coal Co. v. Verstine Hibbard Co., 176 Fed. Rep. 972; Hull Coal & Coke Co. v. Empire Coal & Coke Co., 113 Fed. Rep. 256; Rugg & Bryan v. Moore, 110 Pa. 236; Reybold v. Voorhees et al., 30 Pa. 116.

*John Arthur Brown,* and with him *Henry P. Brown,* for appellee.

OPINION BY HENDERSON, J., February 28, 1920:

The plaintiff brought this action to recover the balance due for lumber sold to the defendant on written orders given from time to time as the lumber was required. There was no dispute in regard to the amount of the plaintiff's claim; the defense was that the plaintiffs had not shipped all of the lumber ordered and which they agreed to deliver, as a result of which, the defendant sustained a loss arising from the increase in value of lumber of the kind contracted for, which loss exceeded the amount of the plaintiffs' claim and was a valid set-off against the plaintiffs' demand. A verdict was rendered for the defendant for

$860.88. The first assignment of error relates to the charge of the court, and the second and third to the refusal of the court to direct a verdict for the plaintiffs for the amount of their claim. It is admitted that the lumber was not all shipped pursuant to the defendants' orders, the explanation of the nondelivery being that payment was not made by the defendants in accordance with the terms of the agreement which was to be "2% per cash within 30 days from date of shipment." The defendant admitted that payment was to be made within 30 days, but denied that delay in payment was the plaintiffs' reason for refusing to deliver. It was shown that the vice-president of the defendant company met one of the plaintiffs about the first of May, 1917, and settled a dispute as to the difference in the accounts of the respective parties, at which time a draft was drawn by the defendant in favor of the plaintiffs for $717.31, the balance admitted to be due. This draft the defendant refused to pay, and Emil Guenther, president of the defendant company testified that he did not intend to pay the amount of the settlement until he got the other lumber ordered. There was also a controversy between the parties as to the inspection of the lumber. The plaintiff asserted that it was to be graded by North Carolina Pine Inspection Rules; whereas the defendant claimed the shipping was to be done according to the rules of the National Hardwood Lumber Association, unless otherwise specified. May 1, 1917, the defendant wrote to the plaintiffs complaining that the latter refused to permit the agent of the former to ship out lumber. On May 7th, of the same year, the plaintiffs notified the defendants, by letter, that their account was overdue; that there was no reason why their draft was protested, and demanding a check covering their account. On May 10th, the plaintiffs telegraphed to the defendant that they expected pay for the lumber shipped before shipping any more; and on the 16th of that month, they notified the defendant by wire that the

latter had received the last foot of lumber from them until the account was paid. The defendant undertook to show that the plaintiffs had refused to ship before the account covered by the draft was due. There was also evidence tending to show that Miller, vice-president of the defendant company, had agreed at the time the draft was drawn that if it was not paid, further shipments were to cease.

The learned trial judge instructed the jury that the failure of the defendant to pay the plaintiff's account when it became due did not relieve the plaintiff from its duty of making deliveries under the contracts; and that unless an agreement was made, as alleged between Miller for the defendant company and the plaintiffs, that no more shipments need be made, if the draft referred to was not paid, the defendant was entitled to set off its loss because of nondelivery against the plaintiff's claim for the lumber already delivered. The question whether the plaintiff had a right to rescind the contract because of the default of the defendant in making payment at the times agreed upon by the parties was thus excluded, and the only inquiry submitted, with respect to the plaintiff's liability for the set-off, was whether there was an express agreement between the defendant's agent and the plaintiffs at the time the protested draft was drawn, under which the plaintiff was excused from performance because of the nonpayment of the draft. The evidence offered was partly in writing and partly parol. The defendant alleged payment according to the terms of the contract; the plaintiffs denied such performance and asserted on the contrary that there was a clear default on the part of the defendant. In such circumstances the evidence carried the case to the jury if the plaintiffs could stand on their right to demand payment according to the contract. This the learned court said they could not do because the orders for the lumber constituted divisible contracts, and default by the defendant in making payment on one order would

not relieve the plaintiffs from performance as to the remainder. The case was tried in the court below on the assumption that the sales of the plaintiffs were severable, and in that case the right of the plaintiffs to rescind would depend on the question whether the defendant had refused to pay for a delivery which had been accepted by it without some sufficient reason for the refusal. All of the orders were given by the defendant prior to the time when its draft was protested, and the good faith of the plaintiffs in refusing further deliveries under all the evidence raised a question of fact which should have been submitted to the jury. The time of payment is not controverted, and if there was a wilful refusal of the defendant to pay according to the contract, the plaintiffs might rescind at their option. They were not bound to assume the risk of the loss of their property or litigation in recovery of the purchase price. The plaintiffs gave prompt notice of their intention to refuse shipments unless payment of the account alleged to be overdue was made, and their right of rescission was therefore exercised in time. In Rugg & Bryan v. Moore, 110 Pa. 236, there was a sale of six carloads of corn at a price per bushel. Delivery was to be made at different times, and a part of the corn was not delivered for the reason that the vendee failed to make payment of one carload on its arrival, by reason of which default, the seller rescinded the contract. The court held that the contract was severable and that failure of the vendee to pay authorized a rescission of the contract on the part of the seller as to the undelivered corn. Reybold v. Voorhees, 30 Pa. 116, is another case involving the same principle. The same subject was under consideration in McFarland v. Savannah River Sales Co., 247 Fed. Rep. 652; a case decided in the third circuit. That arose out of a sale of lumber, where, as in this case, the sale was to be for cash in 30 days with 2% discount. The court held that time was of the essence of the contract and that a default

in payment according to the agreement justified a rescission.  Youghiogheny Coal Co. v. Verstine, Hibbard & Co., 176 Fed. Rep. 972, is of like import.  The intention of the parties with respect to performance disclosed by the testimony and the documentary evidence is to be taken into consideration in ascertaining the rights of the parties; and the question is not one therefore purely of law, but should be disposed of on the facts as disclosed in the evidence.  The first assignment must therefore be sustained.  We are not convinced that the default of the defendant is so clearly made out as to have required the court to give binding instructions for the plaintiffs.  The defendant alleges that the refusal to deliver was not because of failure to pay, but because of the plaintiffs' refusal to abide by the alleged hardwood inspection rules and the advantage which would accrue to the latter in repudiating the contracts because of the rise in the prices of lumber.  If the refusal was not for failure to pay, but for some immaterial reason, a right to rescind would not arise.

The judgment is reversed with a venire facias.